Dear Mayor Harris:
You have asked our opinion concerning a municipal ordinance of the City of Gretna, Louisiana, that limits the placement of items and proposed resolutions and ordinances on the agenda of meetings of the Gretna city council.
You have informed us that the City of Gretna is a municipality governed by the Lawrason Act rather than by Home Rule Charter or Special-Act Legislative Charter. With a mayor and council form of government, the city appears to fall under Part 1 of Chapter 2 of Title 33 of the Revised Statutes. See, for example, La. R.S.33:343.
You have also informed us that Ordinance No. 1890 only allows a council member to place items on the agenda of city council meetings. You tell us that the mayor cannot do so under this ordinance but express the opinion that there are some issues which, as mayor, you feel should at least be addressed by the city council and not avoided or ignored.
In our previous Opinion No. 94-277, we opined that the mayor cannot take control of the agenda of city council meetings, especially when the city council itself properly votes to take control of, set and regulate its own agenda. In our previous Opinion 05-0145, we expressed our opinion that the mayor has the power to adopt procedures for placing items on or removing items from the meeting agenda as long as these actions are not in conflict with any procedures adopted by the board of aldermen [or city council]. Of course, here the city council, in its Ordinance No. 1890, has adopted procedures for placing, items on the meeting agenda and as a general rule we think that this ordinance binds the mayor and limits his authority to place items on the agenda of meetings of the Gretna city council. However, in two special circumstances, this ordinance conflicts with the statutory law, and to the extent it conflicts with the statutory law, it is unenforceable and null and void. *Page 2 
La. R.S. 33:405(C) and (D)(1) read as follows:
 "C. Special meetings of the mayor and board of aldermen may be called by the mayor or a majority of the members of the board. The board shall establish by ordinance how notice of special meetings shall be provided to members of the board and the mayor. The notice for a special meeting shall specify the business to be considered at the special meeting.
Public notice shall be given as provided in R.S. 42:7. No business, except that specified in the notice of the special meeting, shall be considered at the meeting unless approved by two-thirds of the aldermen present at the meeting.
 "D. (1) In cases of extraordinary emergency, as defined in R.S. 42:6.1(A)(5), the mayor or any alderman may call an emergency meeting of the board of aldermen. The members of the board and the mayor shall be notified of the meeting in the most practical manner available, and the purpose of the meeting may be stated in general terms. Notice of the meeting shall be given as provided in R.S. 42:7." (Emphases added).
Accordingly, the statutory law expressly provides that in the two circumstances where the mayor calls a special meeting of the city council or the mayor calls an emergency meeting of the city council, he must necessarily set the agenda of items to be considered at the special or emergency meeting and provide notice to the council members of what that agenda is. In these two circumstances, Gretna City Council Ordinance No. 1890 cannot affect what the statutory law clearly provides, and the mayor must of necessity set the agenda for any special or emergency meetings that he calls.
Trusting that this opinion has provided adequate legal guidance, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 By: _________________________
 THOMAS S. HALLIGAN
 Assistant Attorney General
 *Page 3 
 JULY 25, 2005 OPINION NO. 05-0145
 77 — OFFICERS — Local Municipal; Selection, Qualifications Tenure; Vacancies
 La. R.S. 33:404 (A) (1), (2) and (9)
 La. R.S.
 33:421 La. R.S. 33:422
 The mayor has the power to adopt procedures for placing items on or removing items from
 meeting agenda as long as these actions are not in conflict with the clerk's duties set out in
 R.S. 33:421 or with any procedures adopted by the board of aldermen.
 Dr. R.E. Goldsby
 Mayor, Town of Amite
 212 E. Oak Street
 Amite, LA 70422

Dear Mayor Goldsby:
You have requested a clarification of Attorney General Opinion No. 03-0288. The issues addressed in No. 03-0288 were as follows:
 1. Whether the mayor of a Lawrason Act municipality has the authority to review the agenda docket before it is posted and then instruct the clerk to remove or add certain items from/to that agenda?
 2. Does the clerk have the authority to refuse to place items on the agenda before it is posted when no written rules have been established regarding the agenda?
 3. Does the Lawrason Act give the clerk the sole responsibility for setting the agenda?
These questions were answered by a review of La. R.S. 33:404
(A) (1), (2) and (9) which state:
§ 404. Duties of mayor
 A. The mayor shall have the following powers, duties and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance my limit the *Page 4 
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
It is apparent that § 404 (A) (1) gives the mayor the authority to supervise and direct the administration and operation of all municipal departments and offices in conformity with ordinances adopted by the board of aldermen and that all the administrative staff is subordinate to the mayor. Also, (A) (2) allows the mayor to delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable, while (A) (9) gives the mayor the power to perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
In contrast, the duties of the clerk are set out in La. R.S.33:421 and 422. According to § 421, the clerk is to keep the records of the municipality which includes a docket of each subject to be acted upon by the mayor and board of aldermen at their next meeting. Additionally, § 422 designates the clerk as the auditor of the municipality.
It appears that the Lawrason Act gives the clerk certain duties, but that it also gives the mayor the duty to supervise the clerk and all other municipal officers, and the power to delegate administrative duties. In addition, La. R.S. 33:404(A) (9) gives the mayor the power to perform any other duty that is necessary or proper for the administration of the municipality. Pursuant to this statutory authority, the mayor has the power to adopt procedures for placing items on the meeting agenda and for conducting meetings of the board as long as these procedures are in conformity with ordinances adopted by the board of aldermen.
Therefore, to address the first question it is the opinion of this office that the mayor has the authority to review the agenda. He also has the authority to instruct the clerk to add or remove items from the agenda if these actions are not in conflict with the clerk's duties set out in La. R.S. 33:421 or any other procedures adopted by the mayor or board of aldermen.
With regard to the second question, the clerk does not have the authority to refuse to place items on the agenda when no written rules have been adopted regarding the agenda and since the mayor is the supervisor of the clerk.
Finally, the Lawrason Act does not give the clerk the sole responsibility for setting the agenda. Louisiana Revised Statute33:421 states that the clerk is to place items on the agenda docket to be acted upon by the mayor and board of aldermen at their next meeting. Nothing states that the clerk has the "sole" responsibility for setting the *Page 5 
meeting agenda. The mayor has the duties and powers described previously and can supervise the items added to the agenda and those removed from it, unless he has delegated these duties or the board has determined a procedure for setting the agenda.
In summary, the mayor has the power to adopt procedures for placing items on or removing items from the meeting agenda as long as these actions are not in conflict with the clerk's duties set out in La. R.S. 33:421 or with any procedures adopted by the board of aldermen.
We trust this sufficiently answers your question. However, if we can be of further assistance please do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL *Page 6 
 June 29, 1994 OPINION NUMBER 94-277 The Mayor as chief executive officer is custodian of town property, and presides over town meetings, but does not control the agenda. If the Chief of Police can be held in contempt in the Mayor's Court, must be determined on a factual basis. 77 — Officers 15 — Courts R.S. 33:404
R.S.42:7 C.C.P. 224
 Mayor Joseph L. Saia 605 Ethel Street Lockport, La. 70374
Dear Mayor Saia:
This office Is in receipt of your request for an opinion of the Attorney General in regard to powers of the Mayor. Your questions are as follows:
 1. Can the mayor as custodian of the town hall building rent office space to private companies at fair market value without approval from the board of aldermen;
 2. Can the mayor as magistrate of the mayor's court hold the chief of police in contempt of court for not being present nor having a deputy present while court is in session; and
 3. Can the mayor set the rules and procedures to be followed at official town meetings, or is there some legally mandated procedure that must be follows?
R.S. 33:362 sets forth that the legislative powers of a municipality shall be vested in and exercised by the Board of Aldermen, and the mayor shall be the chief executive officer of the municipality. R.S. 33:404 includes in the powers and duties of the mayor the power to sign all contracts on behalf of the municipality. It further establishes that the Mayor is to supervise and direct the administration and operation of all municipal departments, offices and agencies in conformity with ordinances adopted by the board of aldermen.
We would, therefore, conclude the mayor as the chief executive officer of the municipality is custodian of the Town Hall and may enter into contracts for rental of space in the Town Hall to private companies unless there are ordinances to the contrary, Atty. Gen. Op. No. 92-833. He is the administrator of the property, but the aldermen may control the use by legislation. *Page 7 
In accordance with C.C.P. Art. 224 constructive contempt of court is any contempt other than a direct one and includes, "Willful neglect or violation of a duty by a clerk, sheriff or other person elected, appointed, or employed to assist the court in administration of justice." In addition to the duty of law enforcement in the municipality, the Chief of Police is mandated by R.S. 33:442 to attend the mayor's court and serve its process and act as its executive officer. This office has recognized if the chief of police refuses, "without cause", to perform his designated duties, he may be subject to certain legal actions, Atty. Gen. Op. No. 83-318. As stated in that opinion, we would suggest you discuss this matter with the municipal attorney and seek his advice as to possible action, since the "cause" for failure to perform a duty is a question of fact and as related above, for contempt it must be "willful".
With regard to your third question if the mayor can set the rules and regulations to be followed at official town meetings, this office has repeatedly recognized that the mayor in a Lawrason Act community merely presides over the meeting of the board of aldermen, voting only to break a tie, and cannot introduce or second motions. Atty. Gen. Op. Nos. 92-49, 90-149, 83-629. In Atty. Gen. Op. No 78-603 this office stated as follows:
 It is the opinion of this office that as the presiding officer, the mayor's role is that of a neutral and impartial manager of the efficient flow of business during the council meetings and not as a advocate in his own right. We therefore maintain that the mayor cannot introduce a motion before the body while acting in the capacity of presiding officer. See generally Robert's Rules of Order, copyright 1967, by Pyramid Publications, Inc., wherein it is noted that as a general rule in all deliberative assemblies, the presiding officer should not participate in the debate or other proceedings, in any other capacity than as such officer. He is only allowed, therefore, to state matters of fact within his knowledge; to inform the assembly on points of order or the course of proceeding, when called upon for that purpose, or when he finds it necessary to do so; and on appeals from his decision on questions of order, to address the assembly in debate. For the same reasons, it is the opinion of this office that the mayor cannot second a motion. *Page 8 
Thus, as stated above, generally Robert's Rules of Order are followed in conducting a meeting. However, you have indicated your question is if you can determine what will be on the agenda, who may speak, and how long.
Under the R.S. 42:7 of the Open Meetings Law all public bodies shall give written public notice of their regular meetings and such notice shall include the agenda, date, time and place of the meeting. However, significant to your question, the statute further provides that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda, and limiting the agenda is beyond the control of the Mayor by such a vote. Also, the Board may by resolution adopt rules for participation in meetings and the Mayor would be bound by these rules, but as long as there are no rules, and by insuring equal protection for participants, the Mayor may control the participation as the presiding officer.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General